**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| **NAME:** | **GARDNER, VICTORIA HARWELL** | **CHAPTER 12 NO. 11-40659** |
| | d/b/a Lizmere South Mountain Farm | **OUR FILE NO.  15031** |
| | d/b/a Lizmere Cavalier King Chas Spaniels | |
| **ADDRESS:** | 267 MELWOOD DRIVE | |
| | CASAR, NC 28020 | |
| **SSN:** | --- -- 1096 | |
| | **DEBTOR(S).** | |

**VICTORIA HARWELL GARDNER,**

    **Plaintiff.**

v.                                                                  **ADVERSARY PROCEEDING NO. 13-4016**

**OCWEN LOAN SERVICING, LLC,**

    **Defendant.**

**VICTORIA HARWELL GARDNER,**

    **Plaintiff.**

v.                                                                  **ADVERSARY PROCEEDING NO. 13-4019**

**OCWEN LOAN SERVICING, LLC,**

    **Defendant.**

**NOTICE OF SETTLEMENT OF ADVERSARY PROCEEDING**

Comes now the above captioned Debtor and Plaintiff pursuant to Local Rule 9019-1 and hereby provides the following **NOTICE** to the Court of the confidential settlement of this adversary proceeding.

1.    Ocwen Loan Servicing, LLC ("Ocwen") is the current servicer of the 267 Melwood Drive Loan, which is identified by the Loan Number ****8056, on behalf of DEUTSCHE BANK TRUST COMPANY AMERICAS as Indenture Trustee for the registered holders of SAXON ASSET SECURITIES TRUST 2004-3 MORTGAGE LOAN ASSET BACKED NOTES, SERIES 2004-3 (the "2004-3 Investor").

2.    Ocwen is the current servicer of the 403 South Washington Street Loan, which is identified by Loan Number ****9242, on behalf of Deutsche Bank Trust Company Americas, as Trustee for Saxon Asset Securities Trust 2003-3, Mortgage Loan Asset Backed Certificates, Series 2003-3 (the "2003-3 Investor").

3.    Certain disputes have arisen in that certain Chapter 12 Bankruptcy Case styled as *In re: Victoria Harwell Gardner* in the United States Bankruptcy Court for the Western District

of North Carolina, Case No. 11-40659-JCW, Chapter 12 ("Bankruptcy Case") relating to alleged breach of loan modification agreement, alleged breach of the confirmed Chapter 12 bankruptcy plan and confirmation order, alleged violation of the Rule 3002.1 of Federal Rules of Bankruptcy Procedure, alleged violation of Uniform Covenant Number 2, alleged violation of Section 226.36(c) of Regulation Z, alleged violation of § 1463 of the Dodd Frank Act, alleged violation of 11 U.S.C. § 362, alleged violation of Rule 2016 of the Federal Rules of Bankruptcy Procedure, alleged improper and unauthorized fees, alleged breach of the duty of good faith and fair dealing, alleged self-dealing, alleged violation of the Fair Debt Collection Practices Act, alleged violation of the North Carolina Unfair and Deceptive Acts and Practices and alleged violations of various state and federal laws. Said disputes are more fully described in the adversary proceeding entitled *Victoria Harwell Gardner v. Ocwen Loan Servicing, LLC, United States Bankruptcy Court for the Western District of North Carolina, Adversary Proceeding No. 13-04016* (the "13-4016 Adversary"). Ocwen denies all allegations raised in the 13-4016 Adversary.

4. Additional disputes have arisen in the Bankruptcy Case relating to alleged breach of loan modification agreement, alleged breach of the confirmed Chapter 12 bankruptcy plan and confirmation order, alleged violation of the Rule 3002.1 of Federal Rules of Bankruptcy Procedure, alleged violation of Uniform Covenant Number 2, alleged violation of 11 U.S.C. § 362, alleged violation of Rule 2016 of the Federal Rules of Bankruptcy Procedure, alleged improper and unauthorized fees, alleged breach of the duty of good faith and fair dealing, alleged self-dealing, alleged violation of the Fair Debt Collection Practices Act, alleged violation of the North Carolina Unfair and Deceptive Acts and Practices and alleged violations of various state and federal laws. Said disputes are more fully described in the adversary proceeding entitled *Victoria Harwell Gardner v. Ocwen Loan Servicing, LLC, United States Bankruptcy Court for the Western District of North Carolina, Adversary Proceeding No. 13-04019* (the "13-4019 Adversary"). Ocwen denies all allegations raised in the 13-4019 Adversary.

5. The parties have reached a mutual agreement, without the admission of any liability or wrongdoing, and have executed documents supporting a full and complete Confidential Settlement Agreement and a release of all claims, the general terms of which are as follows:

**Modification of the 267 Melwood Drive Loan (Loan No. \*\*\*\*8056):** Ocwen and the Plaintiff have agreed on the following material terms of a loan modification agreement. A copy of the full loan modification agreement, with all terms, will be an exhibit to an amended proof of claim filed by Ocwen.

   a. **New Principal Balance**: The new principal balance that the Borrowers now owe with respect to the Loan shall be Five Hundred Twenty Four Thousand Three Hundred Eighty Nine Dollars and Twelve Cents ($524,389.12) after application of the down payment (the "New Principal Balance").

   b. **Interest Rate**: From the Effective Date of this Agreement, Borrowers shall owe interest on the unpaid New Principal Balance at an annual rate equal to 2.00% for the first sixty (60) months of the modified Loan. In month sixty-one (61), Borrowers shall owe interest on the unpaid principal balance at an annual rate equal to 4.00% for the balance of the modified Loan.

   c. **Down Payment**: A down payment of Three Thousand Five Hundred Ten Dollars and Thirty-Nine Cents ($3,510.39) is due on or before October 31, 2013; the receipt of which is hereby acknowledged.

   d. **New Monthly Payment**: Borrowers' new **total**\* monthly payment amount will be Three Thousand Five Hundred Ten Dollars and Thirty-Nine Cents ($3,510.39) for the first sixty (60) months of the modified Loan, subject to periodic escrow changes throughout the life of the Loan. Borrowers' new monthly payment amount will be Two Thousand Nine Hundred Seventy Dollars and Ninety-Seven Cents ($2,970.97) plus

    taxes and insurance* starting in month sixty-one (61). The itemized breakdown of the total monthly payments are as follows:

        First Sixty (60) Months
        i.       Principal and Interest portion of payment = $2,566.53
        ii.      *Taxes and Insurance Escrow portion of payment = $943.86

    * Taxes and insurance figures are based upon current amounts. These amounts are subject to change.

        Starting in Month Sixty-One (61)
        i.       Principal and Interest portion of payment = $2,970.97
        ii.      *Taxes and insurance portion of payment will be based on amounts due at that time.

    e.    **Payment Term**: The first New Monthly Payment will be due on December 1, 2013 with all of your subsequent New Monthly Payments due on the first day of each month following this date and continuing for until September 1, 2034.

**Modification of the 403 S. Washington St. Loan (Loan No. ****9242)**: Ocwen and the Plaintiff have agreed on the following material terms of a loan modification agreement. A copy of the full loan modification agreement, with all terms, will be an exhibit to an amended proof of claim filed by Ocwen.

    a.    **New Principal Balance**: The new principal balance that the Borrowers now owe with respect to the Loan shall be Four Hundred Fifty One Thousand Five Hundred Eighteen Dollars and Sixty Four Cents ($451,518.64) after application of the down payment (the "New Principal Balance").

    b.    **Interest Rate**: From the Effective Date of this Agreement, Borrowers shall owe interest on the unpaid New Principal Balance at an annual rate equal to 2.00% for the first sixty (60) months of the modified Loan. In month sixty-one (61), Borrowers shall owe interest on the unpaid principal balance at an annual rate equal to 3.84% for the balance of the modified Loan.

    c.    **Down Payment**: A down payment of Three Thousand Three Hundred Eighty Two Dollars and Twelve Cents ($3,382.12) is due on or before November 10, 2013; the receipt of which is hereby acknowledged.

    d.    **New Monthly Payment**: Borrowers' new **total*** monthly payment amount will be Three Thousand Three Hundred Eighty Two Dollars and Twelve Cents ($3,382.12) for the first sixty (60) months of the modified Loan, subject to periodic escrow changes throughout the life of the Loan. Borrowers' new monthly payment amount will be Two Thousand Six Hundred Twenty Six Dollars and Ten Cents ($2,626.10) plus taxes and insurance* starting in month sixty-one (61). The itemized breakdown of the total monthly payments are as follows:

        First Sixty (60) Months
        i.       Principal and Interest portion of payment = $2,315.66
        ii.      *Taxes and Insurance Escrow portion of payment = $1,066.46

    * Taxes and insurance figures are based upon current amounts. These amounts are subject to change.

        Starting in Month Sixty-One (61)
        i.       Principal and Interest portion of payment = $2,626.10
        ii.      *Taxes and insurance portion of payment will be based on amounts due at that time.

  e. **Payment Term**: The first New Monthly Payment will be due on February 1, 2014 with all of your subsequent New Monthly Payments due on the first day of each month following this date and continuing for until September 1, 2033.

  f. **Late Charges**: In the event the New Monthly Payment has not been received within fifteen (15) days of the first day of the month when such New Monthly Payment is due, Borrowers agree to pay a late charge of five percent (5%) of the total New Monthly Payment due.

**Clear Title Contingency:** Acceptance of the Loan Modification Agreements is contingent upon clear title with respect to the subject properties.

**Payment of Settlement Funds:** Ocwen agrees to pay Twelve Thousand Seven Hundred Seventy Five Dollars and No Cents ($12,775.00) (the "Payment") to the Borrowers by check made payable to Max Gardner Law PLLC within fourteen (14) days of (a) the Effective Date or (b) the date upon which the Borrowers' counsel delivers to counsel for Ocwen a 2013 W-9 form, whichever is later.

**Credit Reporting:** Within sixty (60) days of the Effective Date, Ocwen, through its servicing agent, will submit Universal Data Forms to the credit reporting agencies and report the Loans as "Paid as Agreed" from May 2012 through the Effective Date. Borrowers acknowledge and agree that the credit reporting agencies are separate entities from Ocwen and that Ocwen cannot guarantee, warrant, or take responsibility for the performance of the credit reporting agencies in changing, deleting, or making entries in relation to any credit information. Borrowers warrant, declare, and covenant that he/she/they understand the limitations on Ocwen in this regard and that any action or inaction on the part of the credit reporting agencies shall not constitute a breach of this Agreement by Ocwen, nor shall it provide the basis for any claims against Ocwen, which claims are hereby specifically and expressly waived, discharged and released.

**Funds Held in Trust by the Chapter 12 Trustee**: The Parties agree that an Agreed Order Directing the Disbursement of the Funds in Trust by the Chapter 12 Trustee, Steven G. Tate shall be entered by the Court (the "Agreed Order Disbursing Funds"). The Agreed Order Disbursing Funds shall establish that Ocwen forfeits any and all rights to the funds currently held by the Chapter 12 Trustee being held in trust for the benefit of Ocwen as of the Effective Date and that the Trustee shall be permitted to use those funds solely for the purpose of making Quarterly plan payments to the parties in interest under the confirmed Chapter 12 Plan. The Agreed Order Disbursing Funds was in fact entered by this Court on January 14, 2014.

**Chapter 12 Plan**: The Parties agree that the Chapter 12 Plan and its terms will be amended by an Agreed Order Amending the Terms of the Chapter 12 Plan. The Parties agree that the Borrowers will continue to fund the claims of Ocwen outside the Chapter 12 Plan by way of direct payments as provided for in the Loan Modification Agreements. The Parties agree that Ocwen has no opposition to the amendment of paragraph 3.3(a)(2) of the confirmed Chapter 12 Plan [Docket No. 72] in the Bankruptcy Case to provide for an amended sale period of sixty (60) months for the Debtors to sell the 403 South Washington Street Property. The amendments to the Plan only apply to Ocwen and Ocwen has also agreed that the modified loan on the 403 S. Washington Street Property may be assumed at the modified interest rate by a qualified buyer. The Agreed Order Amending the Terms of the Chapter 12 Plan was in fact entered by this Court on January 14, 2014.

**Amended Proofs of Claims**: Within thirty (30) days of receipt of the fully executed Loan Modification Agreements from Ocwen, counsel for Ocwen will file amended proofs of claim consistent with the executed Loan Modification Agreements.

Dated this the 24th day of January, 2014.

_____
O. Max Gardner, III
MaxGardnerLaw, PLLC
NC State Bar No. 6164
P.O. Box 1000
Shelby, NC 28151-1000
Phone (704) 487-0616/FAX (888) 870-1647
e-mail:  maxgardner@maxgardner.com

**CERTIFICATE OF SERVICE**

    **Casey J. Hopper** hereby certifies to the Court as follows:
1.     I am not a party for the foregoing proceeding;
2.     I am not less than 18 years of age;
3.     I have this day served a copy of the foregoing **NOTICE OF SETTLEMENT** on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, (or by certified mail, return receipt, postage prepaid, as indicated below), addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Victoria Harwell Gardner
P O Box 1000
Shelby, NC 28151-1000

**And via the Court's Electronic Case Filing System to:**

Gary A. Barnes, Esq.
Kathleen Furr, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
Attorneys for Ocwen
1600 Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, GA 30326

Steven G. Tate, Trustee
212 Cooper St.
Statesville, NC 28677

Linda Simpson, Bankruptcy Admin.
402 W. Trade St., Room 200
Charlotte, NC 28202-1664

    4.     To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;
    5.     Service as outlined herein was made within the United States of America.

This the 24th day of January, 2014.


/S/ Casey J. Hopper
Casey J. Hopper, Legal Assistant
MaxGardnerLaw, PLLC
P.O. Box 1000
Shelby, NC 28151-1000
Phone (704) 487-0616